## Shaw Appeal

*Samuel E. Bonavita, District Attorney,* for Commonwealth.
*John E. Eberly,* for defendant.

WOLFE, *P. J.,* November 12, 1975—This matter is before us on appeal of defendant from a summary conviction in the magistrate court on a motor vehicle violation. The only issue is one of law, to wit, the interpretation of Rule 1100(a)(2) of Rules of Criminal Procedure mandating prompt trial:

"Trial in a *court case* in which a written complaint is filed against the defendant after June 30, 1974 shall commence no later than one hundred eighty (180) days from the date on which the complaint is filed."

There is no dispute on the facts that 180 days have expired subsequent to the perfection of the appeal, nor has there been any explanation given why the matter has not been presented to the court for a hearing de novo within the time limit.

Counsel for defendant acknowledges the language of Rule 1100 speaks to "trial in a court case" and acknowledges this language is a reference to indictable offenses, to wit, felonies and misdemeanors, and does not, upon its face, include summary offenses; however, counsel argues notwithstanding once the appeal is perfected, although a summary case in the magistrate court, becomes, for all intents and purposes, a trial in a court of record and thus falls within the aegis of Rule 1100.

Although we acknowledge the argument is unique and there appear to be no reported cases making this interpretation, we do not believe the spawning of Rule 1100 in the case of Commonwealth v. Hamilton, 449 Pa. 297, 297 A. 2d 127 (1972), supports defendant's position. In Hamilton, Mr. Justice Nix reviewed the history of the "two-term" rule and its shortcomings and the evils to be eliminated by mandating the Commonwealth

bring to trial those accused of crime. All of the cases reviewed by the court in Hamilton in disclosing the shortcomings of the "two-term" rule are those of felony or misdemeanors and no reference is made to summary offenses. The court makes numerous references to lack of speedy trial and reviews cases and statutes mandating trial or discharge in sister States. The reference to speedy trial, of course, envisions the right to a trial by jury and simply not a hearing nonjury on a summary appeal following conviction on a hearing de novo. We make reference to a portion of this opinion at page 306 in the following language:

"Realizing that the 'two-term' rule is inadequate to protect either the interests of society or the interests of those whom the Commonwealth *accuses of criminal violations*, under its supervisory authority this court must consider other alternatives to assure a *speedy trial* within this Commonwealth . . ." (Emphasis supplied.)

Again, at page 308, in its conclusion the court uses this language:

"Therefore, in order to more effectively protect the right of criminal defendants to a *speedy trial* and also to help eliminate the backlog in *criminal cases* in courts of Pennsylvania we deem it expedient to formulate a rule of criminal procedure fixing a maximum time limit in which individuals accused of crime shall be *brought to trial,* in the future, in this Commonwealth. In line with this conclusion, we will immediately refer the matter to the Criminal Procedure Rules Committee for study and recommendation." (Emphasis supplied.)

It is apparent to us the court did not envision the Rules Committee in its recommendation to encom-

pass summary convictions. Summary offenses are not indictable and do not entitle the accused to a jury trial.

Finally, we cannot accept the legal conclusion urged upon us that the perfection of a summary appeal automatically converts the case to a court case as envisioned by the rule as a "trial in a court case." Obviously, the rule has reference to a "trial" which defendant is not entitled to on a summary appeal.

For the foregoing reasons, we enter the following

### ORDER

And now, November 12, 1975, the motion of defendant to dismiss the appeal is denied and defendant, in absence of appeal, is ordered to appear before the court for sentence on December 19, 1975.